MICHAEL C. PHILLIPS APC (Bar No. 48473)
  mcp@amclaw.com
LISA L. COPLEN (Bar No. 142726)
  llc@amclaw.com
ANDERSON, McPHARLIN & CONNERS LLP
Thirty-First Floor
444 South Flower Street
Los Angeles, California  90071-2901
TELEPHONE: (213) 688-0080 ♦ FACSIMILE: (213) 622-7594

Attorneys for Defendant, WESTCHESTER
SURPLUS LINES INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| GERAWAN FARMING PARTNERS, INC., a California corporation,<br><br>    Plaintiff,<br><br>    vs.<br><br>WESTCHESTER SURPLUS LINES INSURANCE COMPANY, ARCH SPECIALTY INSURANCE COMPANY, ROYAL SURPLUS LINES INSURANCE COMPANY and DOES 1 through 100,<br><br>    Defendant. | Case No. 1:05-CV-01186-AWI-DLB<br><br>**STIPULATED PROTECTIVE ORDER** |

It is hereby stipulated and agreed by the undersigned parties to this action, by and through their respective attorneys of record, as follows:

1.  In connection with discovery proceedings in this action, any party may, by written notice, or by a statement on the record at a deposition, designate any non-public document, material, or information as "Confidential" under the terms of this Stipulated Protective Order.  The party designating such document, material, or information as "Confidential" may do so only to the extent the party has a good-faith belief that such information is confidential or otherwise protected from disclosure with Federal law, California law, or any applicable local rule of the United States

645948.1 5494.104

District Court for the Eastern District of California.

2.  Any document, material, or information to be designated as "Confidential," and subject to this protective order, may be so designated by stamping the document, material, or information with a legend "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER."  For purposes of this Stipulated Protective Order, the term "Confidential" shall include any documents, material, or information designated "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER," as well as all copies thereof.

3.  Any transcript of deposition testimony (including exhibits) may be designated as "Confidential," in whole or in part, in the manner described in paragraphs 1 and 2 of this Stipulated Protective Order, and shall be treated as subject to the provisions of this Stipulated Protective Order. Such designation shall be made within thirty (30) days after the later of (a) receipt of the transcript by the designating party, or (b) the filing of this Stipulated Protective Order after the Court has approved it. The original and each copy of any portion of the transcript designated as "Confidential" shall be stamped with the legend "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER."

4.  More than one party may designate the same document, material, or information (collectively "material") as "Confidential."  If a non-producing party designates material as "Confidential," it shall do so by giving written notice to all parties within thirty (30) days after production of the material, that the material is to be so designated by stamping or otherwise marking the material with the legend. In addition, if a producing party inadvertently fails to so stamp or mark certain documents upon their production, it may designate such documents as "Confidential" by giving notice as described in the preceding sentence.  In either case, all parties shall then stamp or otherwise mark the designated material as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" as described above, and shall treat such information accordingly from the date such notice is received.

5.  If counsel for the party receiving Confidential material (the "receiving party") objects to such designation of any or all such items or class of items, then, within thirty (30) days after the production of the material, receiving party's counsel shall provide counsel for the party or

non-party witness producing the items (the "producing party") written notice of such objections and the reasons for such objections. If objections are made, counsel for the producing party and counsel for the receiving party shall promptly make a good faith effort to resolve the matter. Failing such resolution, then within forty-five (45) days after service of the written notice of objections, the receiving party must make a motion to the Court and shall bear the burden of making a prima facie showing that the material is not "Confidential."  If the receiving party makes such a prima facie showing, the producing party shall have the burden of proof that the material qualifies as "Confidential." If the receiving party makes such a motion, all the items shall continue to be treated as "Confidential," pending a resolution of the dispute as to confidentiality. If the receiving party does not make a motion within the time permitted by this paragraph 5, the disputed material shall be considered "Confidential" subject to this Protective Order.

6. Any party to this action who wishes to submit to the Court any Confidential document shall give five (5) court days notice to the Producing Party of its intent to do so.  The party to the action shall then follow any necessary procedures proscribed by the Federal Rules of Civil Procedures, the Local rules of the United States District Court for the Eastern District of California (including a written motion as set forth under Local Rule 39-141) and/or the rules of the presiding District Court Judge to file the documents under seal.

7. Confidential materials or documents may be disclosed or made available by the party receiving such information only to "Qualified Person(s)" who are defined to consist solely of:

    a) The Court, Court staff, or jury (at any trial or hearing and in the manner provided by paragraph 10 of this Stipulated Protective Order);

    b) The parties to this action, including Gerawan Farming Partners, Inc. ("Gerawan"),  Westchester Surplus Lines Insurance Company ("Westchester"), Arch Specialty Insurance Company ("Arch") and Royal Surplus Lines Insurance Company ("Royal") and the present officers, directors, employees and reinsurers of these parties as authorized by the parties;

    c) Counsel for the parties to this action and the paralegal, clerical, and secretarial staff employed by such counsel;

        d)      Court reporters and videographers engaged in this action;

        e)      Persons who previously prepared, received, or were addressees of the I documents or information designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER;"

        f)      Witnesses at any deposition, hearing, or trial in this action (including any preparation of the witnesses for deposition, hearing, or trial);

        g)      Experts and/or advisors consulted by the parties or their counsel in connection with this action, whether or not retained to testify at trial;

        h)      Other prospective witnesses; and

        i)      Any other person that the parties agree to in writing; except that:

        j)      Counsel may not disclose Confidential Material to a Qualified Person described at paragraphs 7(f), (g), (h), and (i) above without first obtaining from the Qualified Person (1) an acknowledgement in writing that the Qualified Person has read this Stipulated Protective Order in its entirety, and (2) a written agreement to be bound by its provisions. Such acknowledgement and agreement shall be in the form attached to this Stipulated Protective Order as Exhibit" A." It shall be the obligation of counsel providing the information to a Qualified Person to retain a copy of all agreements executed pursuant to this paragraph. All other Qualified Persons given access to Confidential material pursuant to the terms of this Stipulated Protective Order shall be advised that the Confidential material is being disclosed pursuant to and subject to the terms of this Stipulated Protective Order and may not be disclosed other than pursuant to the terms of this Stipulated Protective Order.

    8.      The list of Qualified Persons to whom Confidential material may be disclosed, as set forth in paragraph 7, may be enlarged by mutual agreement of counsel of record. Any party may propose an enlargement of the list of Qualified Persons by serving a letter on all counsel of record, specifically identifying, and describing the role and function of, the person(s) sought to be added to the list. The person(s) so designated shall be added to the list of Qualified Person(s) upon the expiration of ten (10) business days after service of the letter to counsel of record, unless counsel for the producing party objects and, within ten (10) business days after service of the letter

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

of objection, provides a written statement of the basis for such objection to all counsel of record. If counsel for the producing party objects to the addition of any person(s) to the list of Qualified Persons, no Confidential material produced by the objecting producing party may be disclosed to such additional person(s) unless the Court so orders.

9. Confidential material shall be used by the parties and Qualified Persons only for the purposes of preparing for and conducting litigation of the above-captioned action.

10. Nothing in this Stipulated Protective Order shall impose any restrictions upon the use or disclosure by a party or witness of any material obtained by such party or witness independently of the discovery proceedings in this action, whether or not such material is also obtained through discovery proceedings in this action.

11. If any party receives Confidential material that it intends to use at trial, or as a basis for adjudication of any matter, that receiving party shall notify the producing party of such intent as soon as practicable.

12. Entering into, agreeing to, and/or complying with the terms of this Stipulated Protective Order shall not:

  (a) operate as an admission by any party that any particular document, material, or information contains or reflects currently valuable trade secrets or proprietary commercial information;

  (b) prejudice in any way the right of a party to seek a determination by the Court whether any particular document, material, or information should be subject to the terms of this Stipulated Protective Order, such request and determination to be made in accordance with paragraph 5 above; or

  (c) waive the right of any party to object to the admissibility of any Confidential Document or Confidential Information.

13. Within thirty (30) days of the termination of this action, including all appeals, the parties shall either (a) destroy all Confidential material produced by an opposing party and all copies of Confidential material and supply a certificate of destruction to counsel for the producing party; or (b) shall return all Confidential material and all copies of Confidential material to the

opposing, producing party. In either case, Counsel for each party may maintain in its files one copy of each pleading and other paper filed with the Court and one copy of each deposition transcript, provided that any file which contains Confidential material shall be conspicuously labeled "CAUTION: THIS FILE CONTAINS CONFIDENTIAL MATERIAL SUBJECT TO PROTECTIVE ORDER," and a copy of this Stipulated Protective Order shall be kept in each such file.

14. In the event that any Confidential material is demanded from a receiving party by way of subpoena, court order, or otherwise, that receiving party shall give written notice within three (3) business days thereof to the party who designated the Confidential material and shall object to the demand unless the designating party provides consent in writing to production or disclosure.

15. The foregoing is without prejudice to the right of any party: (a) to apply to the Court for a further protective order relating to any Confidential material or relating to any discovery in this litigation; (b) to object to the production of documents it considers not subject to discovery; ( c) to apply to the Court for an Order compelling production of documents or modification of this Order or for any Order permitting disclosure of Confidential material beyond the terms of this Order; and/or (d) to apply to the Court for an Order deeming the document(s) not "Confidential."

16. The inadvertent production of any privileged or otherwise protected material shall not be deemed a waiver or impairment of any claim of privilege or protection, including, but not limited to, the attorney-client privilege and the protection afforded to work product materials, or the subject matter thereof. Upon receiving notice from a producing party that materials have been inadvertently produced, all such materials (including all copies) shall be returned to the producing party within ten (10) working days after receipt of such notice, unless application is made to the Court within such period to challenge the claim of privilege.

17. All persons subject to the terms of this Order agree that this Court shall retain jurisdiction over them for the purpose of enforcing this order.

/ / /

18. The undersigned parties agree and confirm that this Order will be retroactive and deemed effective as of March 7, 2006.

IT IS SO STIPULATED.

DATED: August __, 2007           STAMMER, MCKNIGHT, BARNUM & BAILEY


By:_____
    Michael Mallery
    Meredith Schneider
    Attorneys for Plaintiff, GERWAN FAMRING
    PARTNERS, INC.

DATED:   August __, 2007         ANDERSON, McPHARLIN & CONNERS LLP


By:_____
    Michael C. Phillips APC
    Lisa L. Coplen, Esq.
Attorneys for Defendant, WESTCHESTER SURPLUS
LINES INSURANCE COMPANY

DATED:  August __, 2007          CLAUSEN MILLER PC


By:_____
    Keith E. Butler, Esq.

Attorneys for Defendant, ARCH SPECIALTY
INSURANCE COMPANY and ROYAL SURPLUS
LINE INSURANCE COMPANY

**IT IS SO ORDERED.**

Dated: _31 August 2007_____

       ___/s/ *Dennis L. Beck*_____
       UNITED STATES MAGISTRATE JUDGE

**EXHIBIT "A"**

**<u>ACKNOWLEDGEMENT & AGREEMENT</u>**

I, _____, acknowledge that:

(1) I have received a copy of the Stipulated Protective Order for the protection and exchange of confidential information entered in Gerawan Farming Partners, Inc. v Westchester Surplus Lines Insurance Company, et al., United States District Court, Eastern District of California Case No. 1:05-CV-01186-AWI-DLB;

(2) I have read the Stipulated Protective Order;

(3) I understand the terms, conditions, and restrictions imposed by the Stipulated Protective Order;

(4) I understand that the Stipulated Protective Order prohibits anyone given access to Confidential documents, material or information (collectively "material"), as described in the Order, from disclosing, exploiting, or using such Confidential material or other discovery material or deposition testimony in the case for any purpose, or in any manner, not connected with the prosecution or defense of this case; and

(5) I agree to be bound by all of the terms, conditions, and restrictions imposed by the Stipulated Protective Order.

DATED:

_____
Name

_____
Occupation

_____
Employer

_____
Business Address

_____
Business Telephone

**ANDERSON, McPHARLIN & CONNERS LLP**
LAWYERS
444 SOUTH FLOWER STREET, THIRTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071-2901
TEL (213) 688-0080 • FAX (213) 622-7594

645948.1 5494.104